**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Julio C. Mayorga,<br><br>    Plaintiff,<br><br>    v.<br><br>Sonoco Products Company,<br><br>    Defendant. | Civil Action No. 3:12-CV-05067<br><br>**MEMORANDUM** |

SHERIDAN, U.S.D.J.

  This matter comes before the Court on a motion to dismiss the Amended Complaint filed by Defendant, Sonoco Product Company ("Sonoco" or "Defendant"). In the Amended Complaint, Plaintiff Julio C. Mayorga ("Mayorga" or "Plaintiff") alleges the following causes of action: (1) Conscientious Employee Protection Act ("CEPA"), N.J.S.A. § 34:19-1 *et seq*; (2) Federal Family and Medical Leave Act ("FMLA"), 29 U.S.C § 2601 *et seq*; and (3) New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10: 5-1 *et seq*. Sonoco removed the action to federal court, then filed the instant motion to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6). After consideration of the parties' written submissions, and without holding oral argument pursuant to Local Civil Rule 78.1, the Court grants Defendant's motion in part, and denies it in part, for the reasons set forth below.

1

## I.

Mayorga was employed by Sonoco as a Machine Operator from 2004 until he was terminated in October 2011. (Amended Complaint, ¶ 1). On or about July 28, 2011, Mayorga stopped working due to medical reasons when he underwent mastoidectomy surgery relating to a tumor. *Id.* at ¶ 3. Mayorga alleges that he was entitled to leave under the FMLA, and Sonoco did not provide documents or advise him about FMLA leave. *Id.* at ¶ 4.

On or about October 3, 2011, Mayorga returned to work with a medical note restricting his work schedule to 40 hours per week, instead of 60 to 80 hours that he had previously worked each week. *Id.* at ¶ 5. Upon Mayorga's return, he was assigned to be a "Floater"—a position that required him to inspect the work of other machine operators. *Id.* at ¶ 7. While performing that job, Mayorga inspected the work of machine operator Pedro Guarderas ("Guarderas"), who was operating the machine previously used by Mayorga before his medical leave. *Id.* at ¶ 8. Mayorga claimed that Guarderas was operating the machine improperly, which caused the manufacture of defective parts. Mayorga reported the faulty workmanship to his Supervisor, Matt Krieger. *Id.* at ¶ 9.

After reporting the faulty workmanship, Mayorga returned to his work area where he was attacked by Guarderas, who punched Mayorga in the face and head causing him to seek medical treatment. *Id.* at ¶ 10. Mayorga filed a complaint against Guarderas with the Police Department of South Brunswick, New Jersey. *Id.* at ¶ 11. Subsequently, Sonoco terminated Mayorga on or about October 3, 2011. *Id.* at ¶ 12.

## II.

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *Iqbal*, 129 S. Ct. at 1950. While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 129 S. Ct. at 1949.

The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted); *see also Iqbal*, 129 S. Ct. at 1949-50.

## III.

Mayorga alleges that his termination constitutes a violation of CEPA, as it was done in retaliation for "having complained about his being assaulted by a co-employee in violation of criminal law and endangering the health, safety and welfare of the plaintiff by the co-employee." Id. at ¶ 13.

3

Mayorga alleges retaliation in violation of CEPA.  CEPA is remedial legislation that protects an employee from employer retaliation in cases where the employee 'blows the whistle' on illegal or unethical activity.  *Hernandez v. Montville Twp. Bd. of Educ.*, 354 N.J. Super. 467, 808 A.2d 128 (2002).  A successful plaintiff under CEPA must show four elements:  (1) he reasonably believed that an activity, policy or practice of defendant, his employer, was in violation of a law, rule or regulation promulgated pursuant to law, or was fraudulent or criminal; (2) he objected to or complained about the activity, policy or practice; (3) retaliatory action was taken against him (i.e. adverse employment action occurred); and (4) there was a causal link between the plaintiff's action and the retaliatory or adverse action of the defendant employer.  *McCullough v. Atlantic City,* 137 F.Supp.2d 557, 573 (D.N.J.2001).

As such, CEPA protects "'whistleblowers,' who, believing that the public interest overrides the interest of the organization he [or she] serves, publicly 'blows the whistle' if the organization is involved in corrupt, illegal, fraudulent, or harmful activity." *Abbamont v. Piscataway Twp. Bd. of Educ.*, 138 N.J. 405, 417 (N.J. 1994) (internal citation omitted).  Moreover, "a salutary limiting principle is that the offensive activity must pose a threat of public harm, not merely private harm or harm only to the aggrieved employee." *Mehlman v. Mobil Oil Corp.,* 153 N.J. 163, 188 (1998).

Here, Mayorga does not allege that he disclosed or threatened to disclose an activity, policy, or practice of Sonoco that he reasonably believes is in violation of a law or regulation.  The Amended Complaint also fails to allege that Sonoco engaged in any fraudulent or criminal activity, policies, or practices.  *N.J.S.A.* 34:19-3.  Rather, Mayorga claims that he was terminated in violation of CEPA, because his termination was done in retaliation for "having complained about being assaulted by a co-employee in violation of

4

criminal law." *Id.* at ¶ 13. As such, the Amended Complaint only alleges personal concerns about a private harm—an insufficient reason upon which to base a CEPA claim.

Accordingly, Mayorga's CEPA claim is dismissed. Because the Court finds that any further amendment of this claim would be futile, this cause of action is dismissed with prejudice.

## IV.

The Second Count of the Amended Complaint appears to set forth a FMLA retaliation claim. Plaintiff alleges that he was entitled to a medical leave under the FMLA, and that he took such medical leave during the period of July 28, 2011 to October 3, 2011. (Amended Complaint, Second Count, ¶ 1). Plaintiff claims that after being restored to the position of floater, he was immediately terminated on the pretext of engaging in a fight with a coworker.

The FMLA was enacted to "balance the demands of the workplace with the needs of families." 29 U.S.C. § 2601(b)(1); *Conoshenti v. Pub. Serv. Elec. & Gas. Co.,* 364 F.3d 135, 141 (3d Cir. 2004). The FMLA provides that certain employees may take "reasonable leave for medical reasons," 29 U.S.C. § 2601(b)(1), (2), including any "serious health condition that makes the employee unable to perform the functions of [his] position." 29 U.S.C. § 2612(a)(1)(d); *Chittister v. Dep't of Cmty. & Econ. Dev.,* 226 F.3d 223, 225 (3d Cir. 2000). Although the Complaint is convoluted, the Court deems it to allege a "retaliation" claim. *See Bearley v. Friendly,* 322 F.Supp.2d 563, 570-71 (M.D.Pa. 2004); *Parker v. Hahnemann Univ. Hosp.,* 234 F.Supp.2d 478 (D.N.J. 2002).

With respect to his FMLA retaliation claim, the FMLA prohibits an adverse employment action taken in retaliation for an employee's use of FMLA leave. *See Victorelli v. Shadyside Hosp.*, 128 F.3d 184, 190 (3d Cir.1997). To establish a prima

facie case of retaliation under the FMLA, a plaintiff must show that: (1) he took FMLA leave, (2) he suffered an adverse employment action, and (3) the adverse action was causally related to the leave. *Conoshenti*, 364 F.3d at 146. Here, Plaintiff alleges that he took FMLA leave, and suffered an adverse employment in that he was terminated. His termination was in close temporal proximity to when he returned to work. Construing these allegations in the light most favorable to Plaintiff, he has satisfied the plausibility requirement of *Iqbal* and *Twombly* as to his FMLA retaliation claim.

## V.

The Third Count of the Amended Complaint alleges that when he returned to work from his medical leave, he was perceived to be suffering from a disability, for which Sonoco terminated him on a pretext in violation of the NJLAD. These conclusory allegations are insufficient to demonstrate the plausibility of Plaintiff's NJLAD claim. As such, Plaintiff's NJLAD claim is dismissed without prejudice. Plaintiff will be given leave to amend his NJLAD claim within 30 days of the date of the accompanying Order.

*s/Peter G. Sheridan*  
PETER G. SHERIDAN, U.S.D.J.

April 25, 2013